The opinion of the court was delivered by
Egan, J.
The accused was charged with murder and found guilty without capital punishment. The case comes before us on three bills of exception, the first of which is to the refusal of the court at the request of the prisoner’s counsel to compel the district attorney to call and examine on behalf of the State three witnesses, stated to be then present in court, and to be fully cognizant of all the facts submitted for investigation. The judge a quo refused to so order, as he states, because it seemed in violation of what had always been understood to be the law of this State, and this was the only case of the kind which had ever come to his knowledge. He states further that two of the witnesses named were relatives of the accused; the third was not. It appears from the bill that at the time it was proposed to call the witnesses in question, the State had already examined four or five witnesses on behalf of the prosecution, and the district attorney had announced that the testimony of the State was closed. The counsel for the accused relies upon the authority of the case of Hurd vs. the People, 25 Michigan, 405, in which it was held “ that the prosecutor in a criminal case is not at liberty like a plaintiff in a civil case to select out a part of an entire transaction which makes against the defendant and then to put the defendant to proof of the other part so long as it appears at all probable from the evidence that there may be any other part of the transaction undisclosed; especially if it appears to the court that the evidence of the other portion is attainable,” and refers to the case of Maher vs. the People, 10 Michigan, 225-26, to the effect that it is the well-established rule of the English courts that all witnesses present at the transaction should be called by the prosecution before the prisoner is put upon his defense if such witnesses be present, citing 8 O. & P. 559, Orchard’s case same; note Boseoe’s Criminal Evidence, 164. The court however says: “Whether the rule should be enforced in all cases when those not called are near relatives of the prisoner or some other special cause for not calling them exists we need not here determine. Doubtless where the *844 number present has been very great, the production of part of them might be' dispensed with after so many had been sworn as to lead to the inference that the rest would be merely cumulative and where there is no ground to suspect an interest to conceal a part of the transaction.”
It appears from the head note, and so we interpret these dicta, that the court held it to be the duty of the prosecution to put in evidence “ the whole of the res gestae.”
It is as true in Louisiana as elsewhere, as the court remarked in the 25th Michigan case, that “ the prosecuting officer represents the public interest, which can never be promoted by the conviction of the innocent. His object, like that of the court, should be simple justice; and he has no right to sacrifice this to any pride of professional success.” This we have announced substantially in more than one decision since we have been upon the bench, and were a case before us in which it appeared that any unfair advantage of the accused had been taken in the progress of the trial in any important particular likely to influence the result, we should not hesitate to set aside the conviction. In the present case, however, there is no such statement in the bill of exceptions ; nothing; but the bare refusal to call and examine on behalf of the State the witnesses named. Neither the evidence given by those witnesses already examined nor that proposed to be given by the others is before us. We are therefore unable to determine for ourselves whether this case comes within the rule announced in the 25th Michigan case or not. The bill discloses no circumstance of suspicion, even, that a fair and impartial trial was not afforded the accused. The State had already examined four or five witnesses as to the facts of the case, and had rested the case for the prosecution. It is not suggested that the case thus made was imperfect, or that evidence given disclosed or rendered probable the existence of other or fuller evidence, or even that the witnesses" proposed to be called were present at the homicide. If they were, non constat but that their evidence would have been merely cumulative of that given by the four or five witnesses already examined. Some discretion must under the rule invoked be allowed both to the district attorney and the court a qua in a matter of this kind, and there is nothing to show that in this instance it was not properly exercised. The jury were the judges of the sufficiency of the evidence of guilt of the accused, and found him guilty. The rule in question has never prevailed in the courts of this State, nor are we prepared to admit the proposition that it is the settled rule of the English courts. We think otherwise, except with the modifications stated, and that as a rule the prosecuting officer of the State, who should be always mindful that, as said by us in another case, the State wishes no unfair advantage taken of any one accused in her courts, still has discretion to select his witnesses and manage the prose *845 cution according to his best judgment under the eye and proper direction of the court,” whose duty it is also to see that a fair and impartial trial is accorded to the accused. It is to be presumed that this was done in the case at bar, and this ground of exception is overruled.
The second exception is to the reception of evidence that the accused was a fugitive from justice from the time the act charged was actually committed : first, because as affecting prescription, that was a question solely for the court and not for the jury ; second, beeause no evidence of fleeing from justice prior to the date stated in the bill of indictment was receivable, and that the evidence received was of a fleeing from justice after the actual commission of the act charged, but more than one year before the time stated in the indictment. Of this it may be remarked, 1. That time is not of the essence of the offense here charged, and therefore the time stated in'the indictment is in general not material. 2. That as affecting the question of prescription the evidence was properly received, as otherwise the accused might have asked the court to instruct the jury, and such would have been the duty of the latter, to acquit the accused in case they should find from the evidence that he had been guilty of manslaughter only, and that more than twelve monthsfhad elapsed since the commission of the act. 3. That the jury did find the accused guilty of the imprescriptible crime of murder, although they qualified their verdict by adding under the statute “without capital punishment.” The fact of fleeing from justice has always been considered a circumstance of suspicion of guilt receivable in evidence in a criminal case, and in the present case the court a qua instructed the jury to disregard all evidence of fleeing from justice before the time charged in the bill. This ground can not be maintained.
The third and last exception is, that the written charge of the judge a quo to the jury “is not law.” We have not been favored with a brief by the counsel for the accused, nor are we informed in what respect the charge is not law, and we do not perceive it. As a whole the charge ■seems to us, if any thing, rather more favorable to the accused than perhaps strict law would warrant, and is in the main but the enunciation of well-established principles. The exception is too vague and general, and should have pointed out the particulars in which the law was violated by the charge of the judge, which occupies a dozen pages of the transcript. This ground is not well takeD.
The judgment appealed from is affirmed.